James B. King, WSBA #8723
Christopher J. Kerley, WSBA #16489
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Attorneys for Defendant
GONZAGA UNIVERSITY

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE, an Alaska resident,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF GONZAGA UNIVERSITY, a Washington non-profit corporation,<br><br>　　　　　　　　　　Defendant. | Case No.   CV-10-00292-EFS<br><br>STIPULATED PROTECTIVE ORDER |

It is hereby stipulated by the parties, through their undersigned attorneys, that the following shall apply to the conduct of the parties in this case relative to disclosure of facts concerning the communications between Plaintiff and her alleged assailant (John Doe) and the sexual activity between Plaintiff and Mr. Doe leading up to the day of the alleged sexual assault.

STIPULATED PROTECTIVE
ORDER:  Page 1

### I.    DEFINITIONS

1.    <u>Party</u>:  Any party to this action, including all of his, her or its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.    <u>Confidential Information</u>:  Information (regardless of how generated, stored or maintained) concerning the communications between Plaintiff and her alleged assailant (John Doe) and the sexual activity between Plaintiff and John Doe up to the day of the alleged sexual assault.

4.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

5.    <u>Professional Vendor</u>:  Persons or entities that provide litigation support services (*e.g.* photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

## II. DESIGNATION OF CONFIDENTIAL INFORMATION

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each party or non-party that designates information or items for protection under this stipulation must take care to limit any such designation to specific material that qualifies as Confidential Information. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communication for which confidential protection is not warranted are not designated as Confidential Information. If it comes to a party's attention that information or items designated as Confidential Information do not qualify for such protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

2. Where practical, the producing party shall designate Confidential Information in document form by stamping or otherwise marking every page of the document "Confidential" or some similar language. Other forms of Confidential Information shall be so marked in any other reasonable manner appropriate to the form in which the Confidential Information is produced.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

3. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Confidential Information. After documents are selected for copying, the producing party may appropriately mark the copies of the selected documents as Confidential Information before they are produced.

4. <u>Depositions</u>: No person shall attend portions of depositions pursuant to Federal Rules of Civil Procedure 30 or 45 at which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Order. If, during the course of a deposition, the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the party whose Confidential Information would be disclosed may instruct the witness not to answer or not to complete the answer until any persons not authorized to receive such information have left the room.

5. Within 30 (thirty) days after the completion of the transcript of a deposition (as certified by the court reporter), counsel for any party or the deponent may designate portions of the transcript as "Confidential" in a written notification served on all counsel. Written notification designating Confidential Information shall identify the specific pages and lines of the transcript that

STIPULATED PROTECTIVE
ORDER: Page 4

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

contain Confidential Information.  Counsel for each party shall attach a copy of such notification to the face of the transcript and to each copy of the transcript.  In addition, the portion of the deposition transcript containing Confidential Information shall be stamped with the appropriate designation.  Before the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as Confidential Information, unless otherwise designated or agreed by the parties and the witness, or ordered by the Court.

6. <u>Challenged Designations</u>:  Should any party to whom Confidential Information is disclosed object to the designation of such materials as Confidential Information, that party shall notify the party making the designation, in writing, and request that the party reclassify the document, information or testimony.  The parties agree to seriously consider the materiality of the document at issue to the litigation before challenging its confidential designation, and that neither party will challenge any designation in a manner that is calculated simply to harass or annoy the other party.  The parties shall meet and confer in good faith regarding the designation.  If the parties do not otherwise reach agreement or the designating party does not agree to de-designate the information within ten (10) court days, the designating party shall

STIPULATED PROTECTIVE
ORDER:  Page 5

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

initiate, within thirty (30) days, a form of Joint Rule 37 submittal as set forth in Western District of Washington Local Rule 37.

**III.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. Confidential Information may be disclosed only to the following:

   a. The parties' counsel of record in this action, as well as employees or agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. The officers, directors, and employees of the party to whom disclosure is reasonably necessary for this litigation, provided such person(s) have signed the Agreement to Be Bound by Order" that is attached hereto as <u>Exhibit A</u>;

   c. Parties;

   d. Experts (as defined in this Order) of the party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Order" (<u>Exhibit A</u>);

   e. The Court and its personnel, in accordance with the terms set forth below;

   f. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

STIPULATED PROTECTIVE
ORDER:  Page 6

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

g. Insurance representative(s) of the parties to whom disclosure is reasonably necessary for this litigation;

h. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Order" (<u>Exhibit A</u>). Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

i. Witnesses interviewed by a party's representatives or counsel, when such disclosure is reasonably necessary for the purpose of factual investigation, discovery, or trial preparation, and who have signed the "Agreement to Be Bound by Order" (<u>Exhibit A</u>); and

j. The author or addressee of the document, the employee to which the document or data relates, or the original source of the information.

2. <u>Exceptions:</u>

a. Neither party shall submit in open Court any document containing Confidential Information unless this order has been modified with the consent of the parties or by further order of the Court.

STIPULATED PROTECTIVE
ORDER: Page 7

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

    b. If any party desires to file with the Court or otherwise utilize as evidence any confidential facts, the parties will attempt to agree in advance regarding the nature and extent of this disclosure. If the parties are unable to agree, the Court will be requested to review the document or proposed open court reference in-camera and make a determination of what, if any, information should be deleted from the document or omitted from the open court disclosure.

    c. The parties will adhere to the Civil Rules and Court rules in seeking to have any document filed under seal.  In particular, the parties will file Confidential Information under seal in accordance with the rules set forth in Western District of Washington Local Rule 5(g).

3. <u>Termination of Lawsuit</u>:  Within thirty (30) days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents, including, without limitation, all Confidential Information, received under the provisions of this Order, shall be tendered back to the producing party upon written request by that party, or destroyed, at the direction of the producing party in writing.  Any documents, papers, tapes, disks, diskettes, thumb drives, or other tangible things that include or contain information derived from Confidential Information shall be destroyed, except that privileged documents

STIPULATED PROTECTIVE
ORDER:  Page 8

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

and information in Court transcripts derived from Confidential Information need not be destroyed.  This paragraph shall not require the destruction of pleadings and exhibits thereto which contain Confidential Information.  Provisions of this Order shall continue to be binding on all persons subject to the terms of this Order until order of this Court.

4.	Miscellaneous: In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved party may seek any remedy permitted by law, including but not limited to sanctions for contempt, damages and injunctive relief, and it shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

5.	All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

6.	This Order may be signed in counterpart by the parties' respective counsel and when signed shall become binding and effective as to each such party.

///

///

///

///

STIPULATED PROTECTIVE
ORDER:  Page 9

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this   3rd   day of December 2010.

s/ Edward F. Shea

_____

EDWARD F. SHEA

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY ORDER

I, the undersigned, hereby acknowledge that I have received and read a copy of the Stipulated Protective Order (the "Order") executed by the parties in *Jane Doe v. Corporation of Gonzaga University*, United States District Court, Eastern District of Washington, Cause No. 10-00292 EFS; that I understand the provisions of the Order; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the Order; and that I understand that sanctions may be imposed by the Court, including an order for contempt, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____          _____
            Date                                       Signature

STIPULATED PROTECTIVE
ORDER: Page 11

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632