+

Beth E. Terrell, WSBA # 26759
Erika L. Nusser, WSBA #40854
Attorneys for the Plaintiff
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528
Email:  bterrell@tmdwlaw.com
Email:  enusser@tmdwlaw.com

[Additional Counsel Appear on Signature Page]


UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILA HOBBS, an Alaska resident,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CORPORATION OF GONZAGA UNIVERSITY, a Washington Non-Profit Corporation,<br><br>　　　　　Defendant. | NO. 2:10-cv-00292-EFS<br><br>STIPULATED PROTECTIVE ORDER |

It is hereby stipulated by the parties, through their undersigned attorneys, as follows:

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34th Street, Suite 400
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.816.3528

# I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this case may involve production of confidential or private information for which special protection from public disclosure would be warranted.  The parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulation creates no entitlement to file confidential information under seal; the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal are those provided by the relevant law and Court rules.

# II.      DEFINITIONS

1.      Party:  Any party to this action, including all of his, her or its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.      Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.      Confidential Information:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under federal and state law, and under the standards developed under Fed. R. Civ. P. 26(c).

4.      Designating Party:  A Party or non-party that designates Disclosure or Discovery Material as "Confidential."

5.      Protected Material:  Any Disclosure or Discovery Material that is designated "Confidential."

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34th Street, Suite 400
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.816.3528

1    6.    Expert:  A person with specialized knowledge or experience in a

2    matter pertinent to the litigation who has been retained by a party or its counsel to

3    serve as an expert witness or as a consultant in this action.

4    7.    Professional Vendor:  Persons or entities that provide litigation

5    support services (*e.g.* photocopying, videotaping, translating, preparing exhibits

6    or demonstrations, organizing, storing, retrieving data in any form or medium,

7    etc.) and their employees and subcontractors.

8    **III.    DESIGNATION OF CONFIDENTIAL INFORMATION**

9    1.    Exercise of Restraint and Care in Designating Material for

10    Protection:  Each party or non-party that designates information or items for

11    protection under this stipulation must take care to limit any such designation to

12    specific material that qualifies as Confidential Information.  A Designating Party

13    must take care to designate for protection only those parts of material, documents,

14    items, or oral or written communications that qualify – so that other portions of

15    the material, documents, items, or communication for which confidential

16    protection is not warranted are not designated as Confidential Information.  If it

17    comes to a party's attention that information or items designated as Confidential

18    Information do not qualify for such protection, that party must promptly notify all

19    other parties that it is withdrawing the mistaken designation.

20    2.    Where practical, the producing party shall designate Confidential

21    Information in document form by stamping or otherwise marking every page of

22    the document "Confidential" or some similar language.  Other forms of

23    Confidential Information shall be so marked in any other reasonable manner

24    appropriate to the form in which the Confidential Information is produced.

25    3.    When a party initially produces documents for inspection, no

26    marking need be made by the producing party in advance of the inspection.  For

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.816.3528

1  purposes of the inspection, all documents shall be treated as containing

2  Confidential Information.  After documents are selected for copying, the

3  producing party may appropriately mark the copies of the selected documents as

4  Confidential Information before they are produced.

5       4.      To the extent Plaintiff's Interrogatories and Requests for Production

6  to Gonzaga call for Gonzaga to release information or documents protected by

7  FERPA (20 U.S.C. § 1232g) Gonzaga shall produce the requested information

8  and documents subject to this Stipulation.  All parties and their attorneys agree to

9  treat information and documents protected by FERPA as confidential, except as

10  necessary to present the parties' claims in the above captioned matter.  Plaintiff

11  and her attorneys further agree not to disseminate any student names, educational

12  records, or any information from any educational records covered by this

13  Stipulation to any third party, except in accordance with the terms of this

14  Stipulation.

15       5.      Depositions:  No person shall attend portions of depositions pursuant

16  to Federal Rules of Civil Procedure 30 or 45 at which Confidential Information is

17  disclosed unless such person is an authorized recipient under the terms of this

18  Order.  If, during the course of a deposition, the response to a question would

19  require the disclosure of Confidential Information, the witness may refuse to

20  answer or the party whose Confidential Information would be disclosed may

21  instruct the witness not to answer or not to complete the answer until any persons

22  not authorized to receive such information have left the room.

23       6.      Within 30 (thirty) days after the completion of the transcript of a

24  deposition (as certified by the court reporter), counsel for any party or the

25  deponent may designate portions of the transcript as "Confidential" in a written

26  notification served on all counsel.  Written notification designating Confidential

STIPULATED PROTECTIVE ORDER - 4
CASE  NO. 2:10-cv-00292-EFS

1   Information shall identify the specific pages and lines of the transcript that
2   contain Confidential Information.  Counsel for each party shall attach a copy of
3   such notification to the face of the transcript and to each copy of the transcript.  In
4   addition, the portion of the deposition transcript containing Confidential
5   Information shall be stamped with the appropriate designation.  Before the
6   expiration of such thirty (30) day period, all information disclosed during a
7   deposition shall be treated as Confidential Information, unless otherwise
8   designated or agreed by the parties and the witness, or ordered by the Court.

9        7.    <u>Challenged Designations</u>:  Should any party to whom Confidential
10  Information is disclosed object to the designation of such materials as
11  Confidential Information, that party shall notify the party making the designation,
12  in writing, and request that the party reclassify the document, information or
13  testimony.  The parties agree to seriously consider the materiality of the document
14  at issue to the litigation before challenging its confidential designation, and that
15  neither party will challenge any designation in a manner that is calculated simply
16  to harass or annoy the other party.  The parties shall meet and confer in good faith
17  regarding the designation.  If the parties do not otherwise reach agreement or the
18  designating party does not agree to de-designate the information within ten (10)
19  court days, the designating party shall initiate, within thirty (30) days, a form of
20  Joint Rule 37 submittal as set forth in Western District of Washington Local Rule
21  37.

22  **IV.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

23       1.    Confidential Information may be disclosed only to the following:
24            a.    The parties' counsel of record in this action, as well as
25  employees or agents of said counsel to whom it is reasonably necessary to
26  disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 5
CASE  NO. 2:10-cv-00292-EFS

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.816.3528

1       b.    The officers, directors, and employees of the party to whom

2 disclosure is reasonably necessary for this litigation, provided such person(s) have

3 signed the "Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>;

4       c.    Parties;

5       d.    Experts (as defined in this Stipulation) of the party to whom

6 disclosure is reasonably necessary for this litigation and who have signed the

7 "Agreement to Be Bound" (<u>Exhibit A</u>);

8       e.    The Court and its personnel, in accordance with the terms set

9 forth below;

10       f.    Court reporters, their staffs, and Professional Vendors to

11 whom disclosure is reasonably necessary for this litigation;

12       g.    Insurance representative(s) of the parties to whom disclosure

13 is reasonably necessary for this litigation;

14       h.    During their depositions, witnesses in the action to whom

15 disclosure is reasonably necessary and who have signed the "Agreement to Be

16 Bound" (<u>Exhibit A</u>).  Pages of transcribed deposition testimony or exhibits to

17 depositions that reveal Confidential Information must be separately bound by the

18 court reporter and may not be disclosed to anyone except as permitted under this

19 Order;

20       i.    Witnesses interviewed by a party's representatives or counsel,

21 when such disclosure is reasonably necessary for the purpose of factual

22 investigation, discovery, or trial preparation, and who have signed the

23 "Agreement to Be Bound" (<u>Exhibit A</u>); and

24       j.    The author or addressee of the document, the employee to

25 which the document or data relates, or the original source of the information.

26

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.816.3528

2. <u>Exceptions:</u>

  a. Nothing herein shall prohibit a Party, or its counsel of record, from disclosing a document containing Confidential Information to the person the document identifies as an author or recipient of such document, <u>or</u> to any person (including third-party witnesses) for which prior written approval for disclosure has been granted by the Producing Party.  A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Stipulation.

  b. Notwithstanding any other provision of this Stipulation to the contrary, the confidentiality obligations of this Stipulation shall not apply, or shall cease to apply to any information that:

   i. At the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

   ii. After disclosure hereunder, was lawfully acquired by the receiving party from a third party lawfully possessing the same and having no obligation to maintain the confidentiality of the information.

## V. RIGHTS RESERVED/HEARINGS/TRIAL

1. The foregoing is without prejudice to the right of any Party:

  a. To apply to the Court for a protective order relating to any Confidential Information for use at trial or relating to any discovery in this litigation;

  b. To object to the production of documents it considers not subject to discovery; or

  c. To apply to the Court for an order compelling production of documents or modification of this Stipulation or for any order permitting

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.816.3528

1   disclosure of Confidential Information material beyond the terms of this

2   Stipulation.

3       2.      The parties will adhere to the Civil Rules and Court rules in seeking

4   to have any document filed under seal.  In particular, the parties will file

5   Confidential Information under seal in accordance with the rules set forth in

6   Western District of Washington Local Rule 5(g).  Any information or documents

7   protected by FERPA that are filed with the Court or used in evidence will be

8   reviewed by the party proposing the documents, and the names and other

9   identifying details of the students or former students involved will be deleted or

10  replaced with initials.

11      3.      Notwithstanding anything contained in this Stipulation, any

12  information, testimony, written response to discovery, document, or thing

13  produced in connection with this litigation may be used at trial unless the

14  producing party applies to the Court in advance of the pretrial conference for

15  protection of that information, testimony or written response to discovery,

16  document or thing at trial.  If a timely application for such relief is made, the

17  Confidential Information at issue in the application shall not be disclosed contrary

18  to this Stipulation, pending ruling by the Court.

19      **VI.    TERMINATION OF LAWSUIT**

20      1.      Within thirty (30) days of the conclusion of the trial and of any

21  appeals, or upon other termination of this litigation, all documents, including,

22  without limitation, all Confidential Information, received under the provisions of

23  this Stipulation, shall be tendered back to the producing party upon written

24  request by that party, or destroyed, at the direction of the producing party in

25  writing.  Any documents, papers, tapes, disks, diskettes, thumb drives, or other

26  tangible things that include or contain information derived from Confidential

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington  98103
TEL. 206.816.6603 • FAX 206.816.3528

1  Information shall be destroyed, except that privileged documents and information

2  in Court transcripts derived from Confidential Information need not be destroyed.

3  This paragraph shall not require the destruction of pleadings and exhibits thereto

4  which contain Confidential Information.  Provisions of this Stipulation shall

5  continue to be binding on all persons subject to the terms of this Stipulation until

6  order of this Court.

7                              **VII.   MISCELLANEOUS**

8         1.      In the event anyone shall violate or threaten to violate any terms of

9  this Stipulation, the aggrieved party may seek any remedy permitted by law,

10  including but not limited to sanctions for contempt, damages and injunctive relief,

11  and it shall not be a defense to a request for injunctive relief that the aggrieved

12  party possesses an adequate remedy at law.

13        2.      All persons subject to the terms of this Stipulation agree that this

14  Court shall retain jurisdiction over them for the purpose of enforcing this

15  Stipulation.

16        3.      This Stipulation may be signed in counterpart by the parties'

17  respective counsel and when signed shall become binding and effective as to each

18  such party.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

STIPULATED PROTECTIVE ORDER - 9
CASE  NO. 2:10-cv-00292-EFS

1      DATED this 14th day of April, 2011.

2
       TERRELL MARSHALL                    EVANS, CRAVEN & LACKIE, P.S.
3       DAUDT & WILLIE PLLC

4

5      By: /s/ Beth E. Terrell, WSBA #26759     By: /s/ Christopher J. Kerley, WSBA
           Beth E. Terrell, WSBA # 26759        #16489
6          Erika L. Nusser, WSBA #40854            James B. King, WSBA #8723
           Attorneys for the Plaintiff            Christopher J. Kerley,
7          936 N. 34th Street, Suite 400            WSBA #16489
8          Seattle, Washington  98103            Attorneys for Defendant
           Telephone:  (206) 816-6603           818 West Riverside Ave., Suite 250
9          Facsimile:  (206) 350-3528           Spokane, Washington  99201
           Email:  bterrell@tmdwlaw.com         Telephone:  (509) 455-5200
10         Email:  enusser@tmdwlaw.com          Facsimile:  (509) 455-3632
                                                Email:  jking@ecl-law.com
11                                              Email:  ckerley@ecl-law.com
12         Janet S. Chung, WSBA #28535
           Attorneys for the Plaintiff         *Attorneys for Defendant*
13         LEGAL VOICE
14         907 Pine Street, Suite 500
           Seattle, Washington  98101-1818
15         Telephone:   (206) 682-9552
           Facsimile:  (206) 682-9556
16         Email:  jchung@legalvoice.org
17
18      *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10
CASE  NO. 2:10-cv-00292-EFS

# ORDER

Based on the foregoing stipulation of the parties:

IT IS SO ORDERED THIS ___12th___ day of _____May_____, 2011.


_____s/ Edward F. Shea_____
THE HONORABLE EDWARD F. SHEA


*Present by*:

TERRELL MARSHALL
  DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, WSBA #26759_
    Beth E. Terrell, WSBA # 26759
    Erika L. Nusser, WSBA #40854
    Attorneys for the Plaintiff
    936 N. 34th Street, Suite 400
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile:  (206) 350-3528
    Email:  bterrell@tmdwlaw.com
    Email:  enusser@tmdwlaw.com

    Janet S. Chung, WSBA #28535
    Attorneys for the Plaintiff
    LEGAL VOICE
    907 Pine Street, Suite 500
    Seattle, Washington  98101-1818
    Telephone:   (206) 682-9552
    Facsimile:  (206) 682-9556
    Email:  jchung@legalvoice.org

*Attorneys for Plaintiff*

EVANS, CRAVEN & LACKIE, P.S.

By: /s/ Christopher J. Kerley, WSBA
#16489
    James B. King, WSBA #8723
    Christopher J. Kerley,
      WSBA #16489
    Attorneys for Defendant
    818 West Riverside Ave., Suite 250
    Spokane, Washington  99201
    Telephone:  (509) 455-5200
    Facsimile:  (509) 455-3632
    Email:  jking@ecl-law.com
    Email:  ckerley@ecl-law.com

*Attorneys for Defendant*

STIPULATED PROTECTIVE ORDER - 11
CASE  NO. 2:10-cv-00292-EFS

1

**<u>EXHIBIT A</u>**

2

**AGREEMENT TO BE BOUND**

3
I, the undersigned, hereby acknowledge that I have received and read a

4
copy of the Stipulated Protective Order ("Stipulation") executed by the parties in

5
*Hobbs v. Corporation of Gonzaga University*, United States District Court,

6
Eastern District of Washington, Cause No. 10-00292 EFS; that I understand the

7
provisions of the Stipulation; that I agree to be bound by all provisions of the

8
Stipulation; that I submit to the jurisdiction of the United States District Court for

9
the Eastern District of Washington for the purpose of enforcing the Stipulation;

10
and that I understand that sanctions may be imposed by the Court, including an

11
order for contempt, if I fail to abide by and comply with all the terms, conditions

12
and restrictions imposed by the Stipulation.

13

14
_____        _____

15
Date                                                        Signature

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 12
CASE NO. 2:10-cv-00292-EFS

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N. 34th Street, Suite 400
Seattle, Washington 98103
TEL. 206.816.6603 • FAX 206.816.3528