1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF WASHINGTON

7   LILA HOBBS, an Alaska resident,
                                              NO. CV-10-0292-EFS
8                   Plaintiff,
                                              **ORDER GRANTING GONZAGA'S**
9             v.                              **RECONSIDERATION MOTION**

10  THE CORPORATION OF GONZAGA
    UNIVERSITY, a Washington non-
11  profit corporation,

12                  Defendant.

13
        A hearing occurred in the above-captioned matter on September 19,

14
    2011.  Plaintiff Lila Hobbs was represented by Erika Nusser, who appeared

15
    telephonically.  Christopher Kerley  appeared  on  Gonzaga  University's

16
    ("Gonzaga")  behalf.    Before  the  Court  was  Gonzaga's  Motion  for

17
    Reconsideration of Revision of Order Requiring Gonzaga to Answer Request

18
    for Production (RFP) No. 11 in Part.  ECF No. 56.  After reviewing the

19
    submitted materials and relevant authority and hearing from counsel, the

20
    Court grants Gonzaga's reconsideration motion.

21
        The  instant motion and RFP No. 11 requires the Court to balance

22
    Plaintiff's right under Federal Rule of Civil Procedure 26 to seek

23
    information discoverable to her claims and Gonzaga's defenses with non-

24
    parties' privacy rights.  Plaintiff asserts that Gonzaga's handling of

25
    her  sexual-assault  report  was  insensitive,  thereby  increasing  her

26
    emotional pain through re-victimization.  To support her claim and to

ORDER * 1

contest Gonzaga's assertion that it properly handled sexual-assault reports, Plaintiff desires to learn about Gonzaga's handling of other sexual-assault reports[1]: this would result in Gonzaga disclosing the names of the non-party accused and accusers, which is very sensitive information.

The parties agree that there are ninety-three reports of sexual assault by a male student against a female student since January 1, 2000, and that only nine of the reporting female students elected to continue the sexual-assault-reporting process through hearing.  To assist in obtaining the information requested by RFP No. 11, Plaintiff proposed that the Court order Gonzaga to send to these ninety-three reporting female students a letter, which would advise them of the current lawsuit, allow them to agree to the disclosure of Gonzaga's records about their sexual-assault report to Plaintiff's counsel, and provide them with the opportunity to contact counsel if they desired.  The Court is concerned about the impact that this letter may have on the reporting Gongaga female students; some of these women may not have shared their sexual-assault experience with their loved ones, who may question why they received a letter from Gonzaga, thereby possibly causing these women additional pain and discomfort.

---

[1]  RFP No. 11 states:

Please produce ALL databases, in a format compatible with Microsoft Office applications, such as Excel, in which GONZAGA UNIVERSITY compiles data REFERRING OR RELATING TO each of the following:
  a)   Complaints or investigations of sexual misconduct;
  b)   Complaints or investigations of sexual assault; and
  c)   Student Conduct Hearings or Disciplinary Hearings.

ECF No. 50, Ex. 8.

ORDER * 2

Accordingly, after balancing these concerns, the Court requires the following discovery to occur before the Court will consider requiring a further invasion of the lives of these non-party women:

1)   no later than October 7, 2011, Gonzaga must produce redacted versions of all materials relating to the nine sexual-assault reports that resulted in a hearing being requested; and

2)   Plaintiff, at her option, may choose to depose Stella Kent and Teresa Schinzel, who were involved with Gonzaga's Sexual Assault and Response Center, and who reportedly expressed dissatisfaction with Gonzaga's handling of sexual-assault reports.[2]

Thus, the Court's July 27, 2011 Order, ECF No. 55, is modified and discovery in regards to RFP No. 11 is limited as described.  If after Plaintiff reviews this discovery and deposes these individuals, she believes that further information is necessary to present her case, she may file a properly-supported motion seeking such discovery, justifying the intrusion on the non-parties' lives.  In particular, depending on the substance of the depositions, the Court may consider sending a letter to at least the two students who withdrew their requests for a hearing.

For these reasons, **IT IS HEREBY ORDERED**:

1.   Gonzaga's Motion for Reconsideration of Revision of Order Requiring Gonzaga to Answer Request for Production No. 11 in Part, **ECF No. 56**, is **GRANTED.**

///

---

[2]   During these depositions, neither the accusers or accuseds are to be referenced by name.

ORDER * 3

2.   No later than **October 7, 2011**, Gonzaga shall produce redacted versions of all materials relating to the nine sexual-assault reports that resulted in a hearing being requested.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___27th___ day of September 2011.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2010\0292.disc.disput.no.11.2.hrg.lc1.wpd

ORDER * 4